IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIMON T. HAYNES ,

       Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC.,
EQUIFAX INFORMATION SERVICES, LLC.,
and CHASE HOME FINANCE, LLC.,

       Defendants.

## COMPLAINT FOR DAMAGES

### Introduction

1.    The credit reports of Plaintiff, Simon Haynes, contain errors that the defendants refuse to investigate or to correct, and he is forced to bring suit to clear his credit reputation.

### Jurisdiction

2.    This Court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p, and under 28 U.S.C. §§1331, 1337.

### Parties

3.    Plaintiff Simon T. Haynes resides in Las Cruces, New Mexico. He is a "consumer" as defined by §1681a(c) of the FCRA.

4.    Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Experian assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of

interstate commerce for the purpose of preparing or furnishing consumer reports. Experian is a national credit reporting agency.

5. Defendant Trans Union LLC ("Trans Union") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Trans Union assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Trans Union is a national credit reporting agency.

6. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Equifax assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Equifax is a national credit reporting agency.

7. Defendant Chase Home Finance, LLC ("Chase") is a foreign corporation, doing business in New Mexico as a lender. Chase is a "furnisher of information" as contemplated by FCRA, 15, U.S.C. §1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTS

8. Mr. Haynes is a businessman who invests in real property.

9. His credit rating and credit score are very important to his ability to earn a living.

10. Mr. Haynes acquired a piece of residential real estate in Las Cruces and obtained a first

and second mortgage on the property.

11. At one point his payments fell behind on the second mortgage loan.

12. Mr. Haynes requested a payoff statement from the lender, Washington Mutual Bank.

13. The bank called him and offered a discount if he would pay off the loan by a certain date.

14. Mr. Haynes accepted that offer, paying a discounted sum December 7, 2007 to extinguish the loan. The bank released its mortgage.

15. Chase's parent company later acquired Washington Mutual Bank.

16. Chase began dunning Mr. Haynes for the discounted amount of that loan, which Chase continued to report on his credit reports with Experian, Trans Union and Equifax.

17. In January, 2010 Mr. Haynes' attorney sent Chase documentation and explanation showing that the loan had been satisfied.

18. However, the defaulted loan continued to appear on his credit reports with all three defendants, showing a loan balance of $6,071 on an open account that was 180 days overdue.

## Mr. Haynes Disputes the Credit Report with Equifax

19. On March 14, 2011 Mr. Haynes sent a detailed letter of dispute to Equifax.

20. Mr. Haynes explained to Equifax that he disputed there was any balance owed on the account and that he disputed any delinquencies since the time of payoff.

21. Mr. Haynes asked Equifax to correct its errors, to show the loan as paid in full, with a zero balance, and to show that there were no delinquencies since December, 2007.

22. Mr. Haynes sent Equifax extensive documentation, including correspondence from Washington Mutual confirming that the loan had been paid in full.

23. Mr. Haynes also sent Equifax considerable information identifying himself. In his letter

he furnished his social security number and date of birth.  Along with his letter, he sent a copy of his New Mexico driver's license.

24. In its customary helpful fashion, Equifax sent Mr. Haynes a letter March 22, 2011 asking him to supply additional documents proving his identity.

25. Mr. Haynes fulfilled that request by sending a copy of his Social Security card and a copy of his mortgage statement containing his address.

26. Equifax never responded and never corrected his credit report.  The credit report continues to show these inaccuracies and the inaccuracies lower Mr. Haynes' credit score.

## Mr. Haynes Disputes the Credit Report with Experian

27. On March 14, 2011 Mr. Haynes sent a detailed letter of dispute to Experian.

28. Mr. Haynes explained to Experian that he disputed there was any balance owed on the account and that he disputed any delinquencies since the time of payoff.

29. Mr. Haynes asked Experian to correct its errors, to show the loan as paid in full, with a zero balance, and to show that there were no delinquencies since December, 2007.

30. Mr. Haynes sent Experian extensive documentation, including correspondence from Washington Mutual confirming that the loan had been paid in full.

31. Mr. Haynes also sent Experian considerable information identifying himself.  In his letter he furnished his social security number and date of birth.  Along with his letter, he sent a copy of his New Mexico driver's license.

32. Experian's response March 25, 2011 was to show the balance as 0.

33. However, Experian continued to report the account as "open," which is inaccurate.

34. Experian reported that the account balance had been 180 days late every month from August, 2010 through February, 2011, which is inaccurate.

35. Experian reported that the account balance was $6,071 every month from March, 2009 through January, 2011, which is inaccurate.

36. The inaccuracies in the credit report lower Mr. Haynes' credit score.

### Mr. Haynes Disputes the Credit Report with Trans Union

37. On March 14, 2011 Mr. Haynes sent a detailed letter of dispute to Trans Union.

38. Mr. Haynes explained to Trans Union that he disputed there was any balance owed on the account and that he disputed any delinquencies since the time of payoff.

39. Mr. Haynes asked Trans Union to correct its errors, to show the loan as paid in full, with a zero balance, and to show that there were no delinquencies since December, 2007.

40. Mr. Haynes sent Trans Union extensive documentation, including correspondence from Washington Mutual confirming that the loan had been paid in full.

41. Mr. Haynes also sent Trans Union considerable information identifying himself.  In his letter he furnished his social security number and date of birth.  Along with his letter, he sent a copy of his New Mexico driver's license.

42. Trans Union corrected the account to show a balance of zero.  However, it showed a previous past due balance of $6,071 which is inaccurate.  It also showed a "pay status" that there was "payment after charge off/collection," which is not the accurate code for the events that took place.

43. Mr. Haynes disputed these inaccuracies one more time with Trans Union.

44. However, the credit reporting agency did not correct the error.

45. The inaccuracies in the credit report lower Mr. Haynes' credit score.

### Chase's Role in the Inaccurate Credit Reporting

46. When Mr. Haynes sent a dispute to the credit reporting agencies, each of them was

required to contact Chase, to furnish Chase all relevant information and documents, and to ask Chase to investigate Mr. Haynes' dispute.

47. Unfortunately, Chase continued to verify the accuracy of its reporting, to each of the credit reporting agencies.

48. None of the credit reporting agencies has conducted a genuine and reasonable investigation into the inaccuracy, as requested by Mr. Haynes. Each continued to parrot Chase's response and to report Mr. Haynes as having made one or more late payments.

49. The credit reporting agencies failed to review and consider all relevant information submitted by Mr. Haynes in connection with his dispute.

50. The credit reporting agencies persist in reporting information that they know or should have known to be inaccurate and damaging to Mr. Haynes.

51. Mr. Haynes is damaged because the damage to his credit reputation means he can no longer obtain the credit he needs to buy property, except at higher interest rates.

52. Mr. Haynes also has suffered damages in the form of: lost time; out-of-pocket expenses; embarrassment; and aggravation and frustration.

### First Claim for Relief: Violations of the FCRA by Chase

53. Chase failed to review and consider all relevant information submitted by Mr. Haynes.

54. Chase failed to conduct a genuine and reasonable reinvestigation in response to Mr. Haynes's disputes.

55. Chase failed to report to Equifax, Experian and Trans Union that the information it reported about the account is inaccurate.

56. Chase persisted in reporting information that it knew or should have known to be inaccurate and damaging.

57. Chase's actions are willful or, in the alternative, negligent, violations of the FCRA, including 15 U.S.C. § 1681s-2(b).

58. Mr. Haynes is entitled to actual damages, punitive damages, costs and reasonable attorney fees.

## Second Claim for Relief:
## Violations of the FCRA by Trans Union, Equifax and Experian

59. The credit reporting agencies failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning Mr. Haynes.

60. The credit reporting agencies:

    a. failed to review and consider all relevant information submitted by Mr. Haynes in connection with his disputes;

    b. failed to provide Chase with all relevant information provided by Mr. Haynes;

    c. failed to conduct a genuine and reasonable reinvestigation in response to Mr. Haynes's dispute;

    d. persisted in reporting information that they knew or should have known to be inaccurate and damaging;

    e. failed to delete inaccurate information from Mr. Haynes's credit report; and

61. In the case of Equifax, it failed to respond to the dispute within the time required by law and failed to respond entirely.

62. The actions and inactions of the credit reporting agencies were willful, or, in the alternative, negligent violations of the FCRA, including 15 U.S.C. §§ 1681e and 1681i.

63. Mr. Haynes is entitled to actual damages, punitive damages, costs and reasonable

attorney's fees.

### Third Claim for Injunctive Relief

64. The credit reporting of Mr. Haynes's Chase account, and the credit reporting agencies' actions and inactions concerning the reporting of the account, constitute a violation of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.* NMSA.

65. Defendants knowingly and willfully engaged in the violation of the UPA.

66. Plaintiff is entitled to injunctive relief under that Act, as well as under the court's inherent power to award equitable relief, to enjoin the inaccurate credit reporting, which causes his irreparable injury.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award actual damages and punitive damages for Defendants' violations of the FCRA;

B. Award reasonable attorney's fees and costs;

C. Enjoin defendants from incorrectly reporting his Chase account;

D. Provide such further relief this Court deems just.

Respectfully submitted,


*E-filed August 22, 2011*
Richard N. Feferman
FEFERMAN & WARREN, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773